24

## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

A. J. Moore

v.

Sadler Materials et al.

October 21, 1986

Case No. (Law) L-3076

By JUDGE H. CALVIN SPAIN

The Court has reviewed the various memoranda which have been filed by the respective parties concerning a Motion to Dismiss Counts I and II of the plaintiff's Motion for Judgment. In addition to the arguments in the memoranda, the Court has reviewed the various cases submitted by the respective parties in support of their position.

The Court finds as follows:

*Count I:*

a) Action against Lambdin:

The plaintiff has voluntarily agreed to nonsuit the defendant Lambdin insofar as Count I is concerned. That matter should be a part of an order drafted in response to this opinion letter.

b) Action against The Arundel Corporation:

The defendant's position is well taken that as a fundamental matter of corporate law, the mere establishment

of a wholly owned subsidiary in no way creates a liability upon the parent corporation. Far more is involved and necessary to create a liability situation for contracts that may exist between a subsidiary and a third party.

The evidence has shown, at least in argument, that a retirement plan apparently exists in an umbrella fashion for Sadler as a subsidiary of Arundel. Further, there appear to be publications that are circulated by the parent that refers to various employees of the subsidiaries of the corporation. At the present time, discovery is proceeding in this matter and there is insufficient evidence at this point for the Court to rule with respect to the liability of Arundel for the alleged contract of Sadler. However, in light of further rulings herein, this point may be moot.

c) Action against Sadler and Arundel based upon breach of contract:

The Court has very carefully reviewed the positions of each party with respect to the question of breach of contract, be the contract implied or otherwise, as well as the concept of employment at-will. The authorities have to be carefully read in order to determine the present state of the Virginia law.

It is apparent to the Court, after reading the authorities, that Virginia still recognizes the concept of employment at-will. While customs, habits or verbal agreements might, in certain situations, be admissible to explain a contract, they cannot be used for the purposes of creating terms for a contract where the contract provides no definite period of time for its duration.

The Virginia Supreme Court has taken deliberate action in its more recent decisions in refusing to adopt the Federal interpretation of the Virginia law, and has refused to extend the concept of public policy exceptions so as to penetrate or otherwise disrupt the "at-will" concept of employment.

Accordingly, the Court sustains the defendants' motion to Count I with respect to the question of there being no cause of action for a breach of contract in that the plaintiff's employment contract was one of "at-will."

26

*Count II:* Applicable Statute of Limitations:

a) The Court has reviewed carefully the arguments concerning the Statute of Limitations that would be applicable to the cause of action as set forth in the plaintiff's Motion for Judgment, Count II. The Court has had some opportunity recently to examine the various Statutes of Limitation in considerable depth in other and unrelated matters. That has made the matter easier with respect to addressing the question at hand. The cause of action as set forth by the plaintiff is one for personal injury. It simply is not a property damage. Accordingly, the one-year Statute of Limitations, as set forth in Va. Code § 8.01-248, is applicable, and the defendants' Motion to Dismiss, because of the cause of action being barred by the Statute Limitations, is sustained.

b) Discharge being a tort barred by public policy:

The Court has reviewed the various allegations that an exception exists within the "at-will" rule that would make the discharge of the plaintiff in this matter a violation of public policy. Judicially created exceptions are recognized in a number of states, but they clearly have not been recognized in the Commonwealth of Virginia. Ample Federal remedies exist and it is true that the Virginia Supreme Court defers to the Legislature at every opportunity. There is no authority, whatsoever, that the Virginia Supreme Court would permit an exception to the "at-will" rule based on the facts as set forth in this case. Accordingly, the defendants' Motion to Dismiss upon the concept that there is no violation of public policy is sustained.

In summary, the Court sustains the respective defendants' Motions to Dismiss Counts I and II.